IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES PAIGE, :
:
      Petitioner :
:
      v. : CIVIL NO. 4:CV-05-1174
:
RONALD HOLT, : (Judge Jones)
:
      Respondent :

## MEMORANDUM AND ORDER

June 28 , 2005

**THE BACKGROUND OF THIS CASE IS AS FOLLOWS:**

      James Paige, ("Paige" or "Petitioner") an inmate presently confined at the Schuylkill Federal Correctional Institution, Minersville, Pennsylvania ("FCI-Schuylkill"), initiated this pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Rec. Doc. 1). The Petitioner has also submitted a request for leave to proceed in forma pauperis. For the reasons set forth below, Paige will be granted leave to proceed in forma pauperis, however, his petition will be dismissed without prejudice.

      Named as Respondent is FCI-Schuylkill Warden Ronald Holt ("Holt" or "Respondent"). Paige states that on July 31, 1990, he pled guilty to one count of conspiracy to possess with intent to distribute fifty grams or more of crack cocaine in the United States District Court for the Eastern District of West Virginia. On October

4, 1990, Petitioner was sentenced to a 324 month term of imprisonment.  His petition acknowledges that a direct appeal of his conviction was not pursued.  However, Paige did challenge the legality of his sentence via a motion pursuant to 28 U.S.C. § 2255.  His § 2255 motion was denied on February 11, 2002.  In addition, his application requesting leave to file a second § 2255 application was denied by order of the United States Court of Appeals for the Fourth Circuit dated April 6, 2005.

Paige claims that despite entering a guilty plea, he is "actually innocent of the aggravated crime to which he was sentenced."   (Rec. Doc. 1, ¶ 12(A)).  His Petition adds that the sentencing court exceeded its authority in imposing his sentence.  The primary focus of the Petition is Paige's contention that the quantity of drugs and use of a firearm which led to the enhancement of his sentence were not included in his underlying criminal indictment.

In support of that argument, the Petition references the United States Court of Appeals for the Third Circuit's holding in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), and  the United States Supreme Court's decisions in Blakely v. Washington, 124 S. Ct. 2531, __ U.S. __ (2004), and its more recent holding in United States v. Booker, 125 S. Ct. 738, __ U.S. __  (2005).  In Blakely, the Court stated that the Sixth Amendment did not permit a sentencing judge to increase a sentence based on facts that were neither reflected in the jury's verdict nor admitted by the defendant.  Booker reaffirmed Blakely adding that the Federal Sentencing Guidelines were not mandates but advisory only.  Petitioner adds that his § 2255 remedy is inadequate and ineffective.

**DISCUSSION**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part:  "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).  The Allen court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  424 F.2d at 141.

As previously noted, Petitioner acknowledges that although he did not pursue a direct appeal, he did challenge his federal conviction and sentence in an unsuccessful § 2255 petition and was thereafter denied leave to file a second or successive § 2255 petition.  A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255.  E.g., United States v. Addonizio, 442 U.S. 178, 179 (1979).  Section 2255

provides, in part, that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention" (emphasis added).

During 1996, Congress imposed limitations on the availability of collateral attack of convictions and sentences through amendments to § 2255.[1]  Originally enacted in 1948 as the equivalent of the habeas writ, § 2255 requires that a federal prisoner's request for collateral review of a conviction or sentence must be brought by motion in the district of the criminal trial court.  The only exception, which we will address below, allows a federal prisoner to bring a habeas petition if a § 2255 proves "inadequate or ineffective."  28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343 (1974); Hill v. United States, 368 U.S. 424, 427 (1962); In re Vial, 115 F.3d 1192, 1194 (4th Cir 1997); Application of Galante, 437, F.2d 1164, 1165 (3rd Cir. 1971).  The reason Congress initially enacted § 2255 was the difficulty of administering habeas petitions under 28 U.S.C. § 2241.  Previously, prisoners had challenged their federal convictions by filing a petition under § 2241 in the district where the prisoner was confined.  As a result, the few districts in which federal penal institutions were located had an inordinate number of habeas actions and did not have

---

1.  In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA").  As part of AEDPA, 28 U.S.C. §§ 2254 and 2255 were amended, limiting the availability of collateral review for all motions brought under those sections.

access to the witnesses and records of the sentencing court. Dorsainvil, 119 F.3d at 249.

The 1996 amendments retained the original provisions of § 2255 and added both a one-year statute of limitations and restrictions on a prisoner's ability to bring a second or successive motion. The statute of limitations runs from the latest of: 1) the date on which final judgment of conviction becomes final; 2) the date on which impediment to making motion created by the government is lifted; 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim could have been discovered.

Prisoners may attempt to circumvent the statute of limitations and gatekeeping provisions of § 2255 by bringing a claim for collateral review of conviction or sentence under § 2241. As noted previously, a § 2241 petition is only available to attack the validity of a conviction or sentence in the very limited situation where a § 2255 is inadequate or ineffective.

In ruling on the issue of inadequate or ineffective, the appellate courts have instructed that a motion under § 2255 is inadequate or ineffective only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Galante, 437 F.2d at 1165 (3d Cir. 1971)(quoting United States ex rel. Leguillou v. Davis, 212 F. 2d 681, 684 (3d Cir. 1954)). It has also been

5

established that the burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).

"The Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 462 F.2d 1194, 1195 (3d Cir.)(per curiam), cert. denied, 409 U.S. 1046 (1972).    Dorsainvil and Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997),  addressed what circumstances make a § 2255 inadequate and ineffective.  The legislative limitations (either the statute of limitations or gatekeeping provisions outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000);  Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction."  Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues.  Triestman, 124 F.3d at 377; Dorsainvil,119 F.3d at 249.  The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal.  Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251.  Thus, these cases set a high bar for what

6

types of serious constitutional issue are sufficient for courts to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

Paige does not assert that his present action is based on any newly discovered evidence. He also has not established that the Blakely/Booker decisions are retroactively applicable to cases on collateral review. Unlike Dorsainvil, Paige's present claim is not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction. Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Petitioner has failed to present any allegations suggesting that he was not involved in the alleged underlying criminal activity. Rather, his claims are solely based on sentencing related issues, namely, that his sentence was improperly enhanced. Consequently, it is apparent that the claims for relief pending before this Court have nothing to do with the actual question of Petitioner's guilt.

As previously noted, Paige's present Petition is premised on the Blakely/Booker decisions. In Tyler v. Cain, 533 U.S. 656, 663 (2001), the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive.[2] A review of Blakely/Booker reveals that there is no indication that said decisions were determined to have retroactive effect.

---

2. While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because precedent under § 2254 and § 2255 may be used interchangeably. See United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D.Del.) (citing Reed v. Farley, 512 U.S. 339, 353 (1974)).

Furthermore, the Court of Appeals for the Third Circuit recently held that the Blakely/Booker decisions do not have retroactive effect.  See Lloyd v. United States, 2005 WL 1155220 (3d Cir. May 17, 2005); see also Oriakhi v. United States, Civ. No. 3:CV-04-36, slip op. at p. 3 (M.D. Pa. March 3, 2005)(Vanaskie, C.J.)(the Supreme Court has not directed that Blakely can be retroactively applied to cases on collateral review).  Since Blakely/Booker cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering any such claim by Paige.  See United States v. Pinkston, 153 F. Supp. 2d 557 (M.D. Pa. 2001).

Based on the foregoing analysis, the petition for writ of habeas corpus will be dismissed without prejudice.  Paige, if he so chooses, may only reassert his present Blakely/Booker claims through another application for leave to file a second or successive § 2255 petition.  Consequently,

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner is granted leave to proceed in forma pauperis.
2. The Petition for Writ of Habeas Corpus (Rec. Doc. 1) is DISMISSED without prejudice.
3. The Clerk of Court is directed to CLOSE this case.
4. There is no basis for the issuance of a Certificate of Appealability.

    S/ John E. Jones III
JOHN E. JONES III
United States District Judge